UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Jevyn Berney,

    Plaintiffs

v.

Southern Desert Correctional Center, et al.,

    Defendants

2:15-cv-00888-JAD-VCF

**Order Granting in Part and Denying in Part Defendants' Motion to Dismiss.**

[ECF No. 11]

    Pro se Nevada state prisoner Jevyn Berney brings a civil-rights complaint under 42 U.S.C. § 1983 against a John Doe Doctor, John Doe Officer, and John Doe Nurse. Berney was given an opportunity to conduct limited discovery and identify the John Doe defendants.[1] The discovery-period came and went without any effort by Berney to identify the John Doe defendants. Nonetheless, he timely filed an amended complaint identifying the John Doe Officer as "Unit Officer Williams."[2] But the defendants cannot determine which of three possible Officer Williamses is the Williams who allegedly harmed Berney.[3] The defendants, therefore, argue that Berney's entire action should be dismissed because he failed to conduct any discovery and identify the appropriate individual defendants.[4]

    I disagree. Dismissal for failing to conduct discovery is a drastic sanction.[5] And there is no reason to sanction Berney by dismissing his entire action when he discovered Officer Williams's name without burdening the defendants with discovery requests. As I stated in my earlier order,

---

[1] ECF No. 8.

[2] ECF No. 9.

[3] ECF No. 11; ECF No. 11-2 at ¶ 7.

[4] *Id.*

[5] *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993).

Page 1 of 2

courts generally allow plaintiffs to conduct discovery to identify defendants whose identifies cannot be known before filing the complaint.[6]

I therefore find that Berney's opportunity to conduct discovery with regard to the John Doe Doctor and John Doe Nurse has expired, so I dismiss those defendants without prejudice under Rule 4(m).[7]  But I grant Berney leave to serve three interrogatories on the Attorney General to discover which Officer Williams is the one who allegedly harmed him.  If Berney is unable to identify the right Officer Williams, this case will be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss **[ECF No. 11] is GRANTED in part and DENIED in part**.  All claims against the John Doe Doctor and John Doe Nurse defendants are dismissed without prejudice and Berney's action will proceed only on the claims pled against Officer Williams.

IT IS FURTHER ORDERED that the portion of this court's May 26, 2016, order [ECF 10] directing this matter to proceed to mediation is VACATED.

IT IS FURTHER ORDERED that Berney has until September 16, 2016, to serve three interrogatories on the Attorney General's Office to discover who the proper Officer Williams is within 15 days of learning the truth name of Officer Williams.  If he is able to discover the right Officer Williams, then he must file a NOTICE with the court that requests me to instruct the Clerk of Court to send him the forms that he needs to serve Officer Williams.  If Berney is unable to identify the right Officer Williams, this case will be dismissed without prejudice.

The Clerk of the Court is instructed to electronically SERVE a copy of this order on the Office of the Attorney General of the State of Nevada, attention Kat Howe.

Dated this 17th day of August, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[6] *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

[7] FED. R. CIV. P. 4(m).