UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jevyn Berney,<br><br>    Plaintiff<br><br>v.<br><br>Southern Desert Correctional Center, et al.,<br><br>    Defendants | **2:15-cv-00888-JAD-VCF**<br><br>**Order Denying as Moot application to proceed *in forma pauperis*, Granting Motion to Dismiss, and Dismissing and Closing Case**<br><br>[ECF Nos. 1, 13] |

    Pro se Nevada State prison inmate Jevyn Berney filed this civil-rights case against John Doe Doctor, John Doe Nurse, and John Doe Officer. I gave Berney an opportunity to conduct limited discovery to identify these defendants,[1] but that period came and went without any effort by Berney to identify them. Nevertheless, he timely filed an amended complaint identifying John Doe Officer as "Unit Officer Williams."[2] Defendants moved to dismiss, arguing that they were unable to determine which of three possible Officer Williamses is the Williams who allegedly harmed Berney and that, because Berney failed to conduct any discovery to identify the appropriate individual defendants despite having the opportunity to do so, this entire action should be dismissed.[3]

    Noting that dismissal for failing to conduct discovery is a drastic sanction,[4] I granted in part and denied in part defendants' dismissal motion: I dismissed all claims against John Doe Doctor and John Doe Nurse without prejudice under Rule 4(m), but I granted Berney leave to serve three interrogatories on the Attorney General to discover which Officer Williams is the one who allegedly

---

[1] ECF No. 8.

[2] ECF No. 9.

[3] ECF No. 11.

[4] ECF No. 12 at 1.

harmed him.[5] I gave Berney until September 16, 2016, to serve these interrogatories on the Attorney General's Office and instructed him to notify the court of Officer Williams's identity within 15 days of the Attorney General's response. I warned Berney that, if he failed to timely identify Officer Williams, this case would be dismissed without prejudice.

Berney has not filed a notice or otherwise responded to that order. Defendants now move to dismiss all claims against defendant Officer Williams, representing that they have not received any formal or informal written-discovery requests from Berney.[6] Berney received the notice required under *Klingele v. Eikenberry* and *Rand v. Roland*,[7] but he has not responded to defendants' dismissal motion or requested an extension to do so. This district's local rules state that the failure of an opposing party to file points and authorities in response to any motion, except a motion for summary judgment or a motion for attorney's fees, constitutes a consent to the granting of the motion.[8]

A court may dismiss an action based on a party's failure to obey a court order or to comply with local rules.[9] In determine whether to dismiss an action on these grounds, I must consider (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.[10]

The first two factors—the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket—weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismisal because a presumption of injury arises from

---

[5] *Id.* at 2.

[6] ECF No. 13.

[7] ECF No. 14.

[8] L.R. 7-2(d).

[9] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with court order).

[10] *Ghazali*, 46 F.3d at 53.

the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[11]  Additionally, a court's warning to a plaintiff that his failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement."[12]  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.  I therefore dismiss this action without prejudice for failure to comply with my August, 17, 2016, order and failure to oppose defendants' dismissal motion.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that defendants' motion to dismiss **[ECF No. 13] is GRANTED.  This case is DISMISSED without prejudice.**

IT IS FURTHER ORDERED that Berney's application to proceed *in forma pauperis* **[ECF No. 1] is DENIED as moot.**

The Clerk of Court is instructed to CLOSE THIS CASE.

Dated: November 1, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[11] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[12] *Ferdik*, 963 F.2d at 1262.